OBADIAH A. GIBSON *v.* AMSI M. CARR.

[45 South., 864.]

1. APPEALS. *Parties. Summons and severance.*

A joint judgment against two or more defendants will· not be reversed on the appeal of one of them, in the absence of a summons for and severance of the other or others.

2. CONTINUANCE. *Application. Denial. Code* 1906, § 784. *Supreme court practice.*

The denial of a continuance by the trial court will not warrant a reversal of its judgment by the supreme court, where the application failed to conform to the requirements ·of Code 1906, § 784, regulating the subject and providing what must be stated in such applications.

FROM the circuit court of, second district, Choctaw county. HON. JOSEPH T. DUNN, Judge.

Carr, appellee, was the plaintiff in the court below; Gibson, appellant, and one Williams, members of the partnership styled " Gibson & Williams," were defendants there. From a judgment in plaintiff's favor against the two defendants, Gibson alone appealed to the supreme court.

Plaintiff's suit was for a sum claimed as compensation for labor performed in railroad construction for defendants. The record does not show service of process upon defendants, but the plea was by " defendants." Gibson actively participated in the defense of the case, but Williams is not shown to have been present in court on the trial. The opinion of the court states the facts.

*May, Flowers & Whitfield,* for appellant.

The court below erred in overruling the application for a continuance. It was clearly shown that the rights of the defendants would be prejudiced if compelled, as they were, to go

to trial with the only witness, upon whom they could rely, absent. The application, duly made out, showed that the witness, Hale, was sick in bed, and unable to attend court.

*Alexander & Alexander* and *Pinson & Pinson,* for appellee.

There is absolutely no merit in this appeal. The appellee, Carr, sued the members of the firm of Gibson & Williams, railroad contractors, for a small amount due him for labor of himself and his team in railroad construction work. He recovered less than he sued for, and Gibson, one of the partners, prosecutes this appeal.

There is no denial of the partnership anywhere disclosed in the record. The defense of the case throughout has been in the name of the partnership. The record nowhere discloses that there was any summons and severance so as to conclude Williams, appellant's partner, hence it is apparent that the court will not consider this appeal.

It is contended by learned counsel for appellant, Gibson, that the court below erred in refusing the application of defendants for a continuance based on Gibson's affidavit that they could not safely go to trial because of the absence of one Hale, a witness for the defense. But the answer to this contention is that the showing for a continuance fell short of the requirements of Code 1906, § 784. It did not disclose the residence of the absent witness, as required; it did not set out fully the facts to be testified to by the absent witness so the trial judge might pass upon the materiality; it did not show diligence; it did not show that a subpœna had even been served on the witness, but only that a subpœna had been issued for him. An *ex parte* certificate or statement of some one who purported to be a physician, residence not stated, was attached to the application, alleging that Hale was ill and had been forbidden by the physician to attend court. This certificate was, however, not sworn to, was dated several days before the time of trial, and there was no showing whatever as to the physical condition

of Hale, or as to why he was not present at court, on the day of the trial.

Besides this, there was no exception taken by the defense to the denial of the application for continuance. It is impossible, therefore, to tell what other evidence or statements there were which the court heard and considered. Denial of a continuance will not be ground for reversal of judgment, unless the appellate court is absolutely satisfied from the record that injustice has been done. The trial court denied the continuance, and after hearing all the evidence and looking back over the whole trial, on the motion for new trial, refused to disturb the verdict.

CALHOON, J., delivered the opinion of the court.

Gibson & Williams were contractors for the construction of a piece of railroad. This action is against the members of the firm of Gibson & Williams for pay for labor of Carr and his teams, used about that work. The action is against the members of the firm of Gibson & Williams, and both members of that firm appeared and pleaded to the declaration. After recovery by Carr against both members of the firm of Gibson & Williams, A. O. Gibson alone appeals. There does not appear anywhere that there was any summons and severance, so as to conclude Williams, the other partner in the suit. So it would seem that Gibson cannot alone get along in this appeal.

The main contention he makes, however, is on the refusal of a continuance applied for by both members of the firm on A. O. Gibson's affidavit that they could not safely go to trial because of the absence of W. H. Hale, a witness. Section 784 of the Code of 1906 is not conformed to in the application for a continuance. That section is much fuller than any previous statute on continuances, and it makes it necessary that the residence of the absent witness should be given and that there has been used " due diligence to procure the presence of the absent

witness, stating in what such diligence consists." It further provides that the application must show " that the continuance is not sought for delay only, but that justice may be done." It further provides that continuances may be granted or refused in the discretion of the court, and that a " denial of continuances shall not be ground for reversal unless the supreme court shall be satisfied that injustice resulted therefrom." The application in this case does not conform to these requirements, and we are not disposed, after looking through this whole record, to reverse this case because of the refusal. Gibson himself was a' witness on the stand, and he had another witness, and, on the whole record, we think the contention of Carr was properly sustained by the jury.

*Affirmed.*